995 F.2d 1063
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Simon MATNEY, Petitioner,
v.
LYNN COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 92-2203.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 3, 1993.
Decided: June 21, 1993.
 
 On Petition for Review of an Order of the Benefits Review Board. (89-969-BLA)
 Martin Douglas Wegbreit, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Virginia, for Petitioner.
 Rodger Pitcairn, United States Department of Labor, Washington, D.C., for Respondent
 Mark Elliott Solomons, Arter & Hadden, Washington, D.C., for Respondent Lynn Coal Co.
 Margaret T. Schenck, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Virginia, for Petitioner.
 
 
 1
 Marshall J. Breger, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, United States Department of Labor, Washington, D.C., for Respondent Director;
 
 
 2
 Mark J. Botti, Arter & Hadden, Washington, D.C., for Respondent Lynn Coal Co.
 
 
 3
 Ben.Rev.Bd.
 
 
 4
 AFFIRMED.
 
 
 5
 Before WILKINSON, Circuit Judge, HALLANAN, United States District Judge for the Southern District of West Virginia, sitting by designation, and CLARKE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 Per Curiam:
 
 6
 Simon Matney petitions us to reverse the order of the Benefits Review Board denying him black lung benefits. Finding substantial evidence to support the decision, we affirm.
 
 I.
 
 7
 Simon Matney worked as a coal miner for more than seventeen years. His last job was as a cutting machine operator for Lynn Coal Company; he left this job in 1978. In 1979, Matney applied for black lung benefits. An administrative law judge eventually heard his claim in July 1986.
 
 
 8
 In February 1987, the ALJ denied Matney's claim. The ALJ first found that Matney had invoked the interim presumption of disability under 20 C.F.R. § 727.203(a)(1), because four out of his twenty-nine chest x-ray readings were positive for pneumoconiosis. The ALJ then found that Lynn Coal had rebutted this presumption under § 727.203(b)(2), because Matney had still been able to perform moderate to heavy labor on his last job as a cutting machine operator. In so finding, the ALJ rejected the diagnosis of Matney's treating physician, Dr. Vinod D. Modi, that Matney was totally and permanently disabled. The ALJ found Dr. Modi's conclusion undercut by his more guarded recommendation that Matney avoid only heavy manual labor and dusty workplaces. "Every other physician of record who expressed an opinion as to the extent of the miner's disability," noted the ALJ, "concluded that he d[id] have the respiratory capacity to perform the work of a cutting machine operator."
 
 
 9
 Matney appealed to the Benefits Review Board. The BRB vacated both parts of the ALJ's ruling. In the first part of his ruling, the ALJ had applied Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir. 1986) (en banc), which held that one positive x-ray was sufficient to invoke the interim presumption of disability under 20 C.F.R. § 727.203(a)(1). In Mullins Coal Co. v. Director, OWCP, 484 U.S. 135 (1988), however, the Supreme Court had ruled that one positive x-ray was not always enough, and that the ALJ instead should weigh all like-kind evidence (other chest x-rays) prior to raising the presumption. In the second part of his ruling, the ALJ had found the presumption of total disability rebutted by evidence that Matney's respiratory ailment did not prevent him from doing his normal work. In Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir. 1987), however, this court had ruled that a miner may be totally disabled under the black lung benefits scheme for reasons besides respiratory ailment. The BRB accordingly remanded Matney's claim to the ALJ for reconsideration in light of Mullins and Sykes .
 
 
 10
 On remand, the ALJ found that Matney had failed to invoke the interim presumption of disability in the first place. Of Matney's twenty-nine chest x-ray readings, only four had been positive; applying Mullins, the ALJ found the four positive readings insufficient to outweigh the twenty-five negative ones. Of the six examining, treating, or reviewing physicians, only Matney's treating physician Dr. Modi had diagnosed total disability. The ALJ had discredited this diagnosis in his first decision because of Dr. Modi's equivocal recommendation that Matney avoid only heavy labor. Since that decision, moreover, Dr. Modi had pled guilty to tax evasion. According to the information accompanying the plea agreement, Dr. Modi had been receiving kickbacks for referring black lung patients to a certain home medical equipment ("HME") vendor, but had not reported this income to the IRS. The ALJ also took notice of a November 8, 1988 article in the Charleston Daily News, which reported that 90% of Dr. Modi's patients in this scheme did not need the HME that Dr. Modi had recommended. The ALJ therefore found Dr. Modi's diagnosis "wholly untrustworthy," and rejected Matney's claim.
 
 
 11
 Matney appealed to the BRB a second time, but the BRB affirmed. He now petitions this court for review.
 
 II.
 
 12
 Matney's primary contention is that the ALJ erred by taking notice of the Charleston Daily News article, which the ALJ termed "self authenticating." According to Matney, there is no guarantee that a newspaper article is accurate; the ALJ was entitled to take notice only of facts in the information accompanying the plea agreement. Matney therefore asks us to vacate the ALJ's ruling and remand for yet a third hearing of Matney's claim.
 
 
 13
 We do not endorse the ALJ's decision to take notice of the newspaper article, but neither do we deem it reversible error. The ALJ documented ample reason besides the newspaper article to discredit Dr. Modi's diagnosis. In his first ruling, before Dr. Modi's plea agreement ever became public, the ALJ rejected his diagnosis because it equivocated on how much labor Matney could perform, and because none of the other doctors agreed that Matney was totally disabled. The ALJ did so in the course of finding that Lynn Coal had rebutted the interim presumption of total disability-a finding on which Lynn Coal bore the burden of proof. On remand, the ALJ incorporated these and all other findings of fact, and limited reconsideration to whether these facts invoked the interim presumption in light of Mullins. A fortiori, since Matney bore the burden of proof on this inquiry, Dr. Modi's diagnosis was insufficient to do so.
 
 
 14
 Moreover, the information that accompanied the plea agreement provides independent evidence of Dr. Modi's tax evasion and fraud. The information states that Dr. Modi concealed the receipt of approximately $54,000 from the HME vendor to whom Dr. Modi had referred black lung patients. It also states that Dr. Modi signed blank Certificates of Medical Necessity for the HME vendor to submit to the Department of Labor on behalf of black lung patients whom Dr. Modi never saw. Matney does not object to the ALJ's consideration of this evidence. In light of the totality of the evidence, it is clear the ALJ would have discredited Dr. Modi's diagnosis no matter what the newspaper article said.
 
 III.
 
 15
 In sum, there is an abundance of evidence in this case that supports the ALJ's ruling. The order of the Benefits Review Board is therefore
 
 
 16
 AFFIRMED.